IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

No. 21-10288
_____

UNITED STATES OF AMERICA,
Appellee,

v.

ROBERT GENE RAND,
Appellant.

On Appeal from U.S. District Court for the District of Nevada
Honorable Judge Miranda M. Du
District Court No. 3:16-cr-00029-MMD-WGC-1

**BRIEF OF APPELLANT ROBERT GENE RAND**

Brandon Sample
**Brandon Sample PLC**
1701 Pennsylvania Ave. NW #200
Washington D.C. 20006-4823
Phone: 202-990-2500
Fax:    202-990-2600
Vermont Bar: 5573
Email: brandon@brandonsample.com
https://brandonsample.com

*Attorney for Robert Gene Rand*

Dated: January 5, 2022

# TABLE OF CONTENTS

TABLE OF CONTENTS .............................................................. i

TABLE OF AUTHORITIES ................................................... iii

STATEMENT OF JURISDICTION ......................................... 1

BAIL STATUS ...................................................................... 1

STATEMENT OF THE ISSUES ............................................. 1

STATEMENT OF THE CASE .................................................. 2

    (a)   Criminal Charges Filed ................................................ 2

    (b)   Rand Agrees to Plead Guilty ...................................... 3

    (c)   Rand's Sentencing and Appeal ................................... 3

    (d)   District Court Denies Rand's Motions For Compassionate Release ............................................... 4

    (e)   District Court Denies Rand's Motion To Recuse .................... 4

SUMMARY OF ARGUMENT .................................................. 8

STANDARD OF REVIEW ...................................................... 9

ARGUMENT ........................................................................ 10

    (a)   THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT APPLIED THE WRONG STANDARD AND DENIED RAND'S MOTION TO RECUSE ...................... 10

        (1)   The Correct Standard Requires Recusal For The Appearance Of Partiality ..................................... 10

i

(2) The District Court Improperly Considered Its Actual Partiality ............................................................12

(b) JUDGE DU IS REQUIRED BY STATUTE TO RECUSE HERSELF IN THIS MATTER ....................................13

CONCLUSION ................................................................17

CERTIFICATE OF COMPLIANCE .........................................18

CERTIFICATE OF SERVICE ...............................................18

STATEMENT OF RELATED CASES ......................................19

# TABLE OF AUTHORITIES

## CASES

*Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175 (9th Cir. 2005) ........................11

*In re Mason*, 916 F.2d 384 (7th Cir. 1990) .............................................13

*Liljeberg v. Health Servs. Acquisition Corp.*,
486 U.S. 847 (1988) ......................................................................10, 14, 16

*Mathis v. Huff & Puff Trucking, Inc.*,
787 F.3d 1297 (10th Cir. 2015) .............................................................13

*United States v. Dandy*, 998 F.2d 1344 (6th Cir. 1993) ..........................11

*United States v. Hernandez*, 109 F.3d 1450 (9th Cir. 1997) ....................9

*United States v. Holland*, 519 F.3d 909 (9th Cir. 2008)........10, 11, 13, 14

*United States v. McTiernan*, 695 F.3d 882 (9th Cir. 2012) ......................9

*United States v. Wilkerson*, 208 F.3d 794 (9th Cir. 2000).........................9

## STATUTES

18 U.S.C. § 1112(a)......................................................................................3

18 U.S.C. § 3742(a)......................................................................................1

21 U.S.C. § 841(b)(1)(C) .............................................................................3

28 U.S.C. § 1291 ..........................................................................................1

28 U.S.C. § 455 ............................................................................................7

28 U.S.C. § 455(a)................................................................................*passim*

iii

## RULES

Fed. R. App. P. 32(a)(5) ........................................................ 18

Fed. R. App. P. 32(a)(6) ........................................................ 18

Fed. R. App. P. 32(a)(7)(B) .................................................. 18

Fed. R. App. P. 32(f) ............................................................. 18

Local Rule 28-2.6 .................................................................. 19

## STATEMENT OF JURISDICTION

Robert Gene Rand ("Rand") appeals the district court's order denying his Motion for Recusal. [DE[1] 803; ER[2]-19]. Rand filed a timely Notice of Appeal on October 6, 2021. [DE 808; ER-117]. He filed an Amended Notice of Appeal on October 8, 2021. [DE 811; ER-118]. This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## BAIL STATUS

Rand is in the custody of the Bureau of Prisons. His current projected release date is November 4, 2024.[3]

## STATEMENT OF THE ISSUES

1.     Whether the district court abused its discretion in denying Rand's motion to recuse.

---

[1] "DE" refers to the district court docket entry number.

[2] "ER" refers to the Excerpts of Record page number.

[3] Rand's release date was obtained by visiting https://www.bop.gov/inmateloc/.

## STATEMENT OF THE CASE

### (a)   Criminal Charges Filed

On April 27, 2016, Rand was charged by criminal complaint along with five other co-defendants for allegedly violating federal criminal laws relating to narcotic distribution in the U.S. District Court for the District of Nevada. [DE 2; ER-112–116]. Rand was arrested on April 26, 2016, and his case was assigned to U.S. District Court Judge Miranda M. Du. [DE 16; ER-111].

On May 11, 2016, an indictment was returned by the grand jury, which charged Rand with the following: (1) Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances (Count One); (2) Distribution of a Controlled Substance (Count Five); and (3) Distribution of a Controlled Substance Resulting in Death (Count Fourteen). [DE 55; ER-102–110].

On June 21, 2017, the grand jury returned a superseding indictment charging Rand with the following: (1) Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances (Count One); (2) Distribution of Controlled Substances (Counts Two through Seven); and (3) Distribution of a Controlled

Substance Resulting in Serious Bodily Injury or Death (Counts Eight and Nine). [DE 569; ER-76–81].

### (b)   <u>Rand Agrees to Plead Guilty</u>

On July 17, 2017, Rand pleaded guilty pursuant to a written plea agreement. [DE 598; ER-82–101]. He waived his right to any further indictment [DE 589; ER-72], and the Government filed a superseding information [DE 590; ER-73–75] charging him with Involuntary Manslaughter in violation of 18 U.S.C. § 1112(a) (Count One), and Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(b)(1)(C) (Count Two). [DE 590; ER-73–75]. Rand pleaded guilty to Count One and Count Two of the superseding indictment, and in exchange, the Government agreed to dismiss all other pending charges. [DE 598 at 3; ER-84].

### (c)   <u>Rand's Sentencing and Appeal</u>

On November 20, 2017, the district court sentenced Rand to 96 months imprisonment on Count One and 120 months on Count Two, to be served concurrently. [DE 668 at 2; ER-63]. The district court also ordered the payment of a $200 assessment, $25,000 fine, and $11,960 restitution. [DE 668 at 6–7; ER-67–68].

On December 4, 2017, Rand filed a notice of appeal [DE 703; ER-59–61]; this Court affirmed his sentence on February 22, 2019. [DE 749; ER-45–48]. On October 15, 2019, the Supreme Court denied his petition for certiorari. [DE 754; ER-44].

### (d) District Court Denies Rand's Motions For Compassionate Release

Rand first motioned the district court for compassionate release in May 2020, which the court denied. [DE 770; ER-34–43]. He filed a second motion for compassionate release, which he withdrew. [DE 788]. Finally, through undersigned counsel, Rand filed a third motion for compassionate release in July 2021, which was denied in September 2021. [DE 804; ER-4–18].

### (e) District Court Denies Rand's Motion To Recuse

In February 2021, Veracity IRR, a private investigation firm, provided Rand with a report (hereinafter "Veracity Report") detailing the findings of its investigation into Judge Du's connections to the Rand case. [DE 801-1; ER-23–33]. The report identified several findings, which were presented in Rand's motion to recuse.

First, the Report identified Judge Du's personal experience with the tragic effects of drug abuse and addiction. Judge Du's stepson Lane Martin died tragically while under the influence of drugs. [DE 801-1 at 6 n.10; ER-28]. He was shot multiple times by police and died as a result. An autopsy revealed that methamphetamine and amphetamine were found in his system at the time of his death. [*Id.*]. Mr. Martin's obituary stated that he "struggled with addiction and mental health issues." [DE 801-1 at 6 n.9; ER-28].

The Veracity Report also indicated that Judge Du had another stepson who died of a drug overdose at a young age, which it "confirmed by a retired private investigator" and former "Special Agent of the United States Secret Service and personally knew [Judge] Du and family." [DE 801-1 at 6; ER-28]. However, in her Order, Judge Du stated that T.M. did not die of a drug overdose. [DE 803 at 3; ER-21]. The Veracity Report also reported that approximately 20 years ago, Judge Du approached the former Special Agent and asked for assistance finding T.M., who ran away from home, so he could be returned and placed in a drug treatment facility; however, Judge Du stated that T.M. was not "the son who ran away from home." [DE 803 at

3; ER-21]. Judge Du also separately acknowledged that she served on the Board of Directors of Step 2—"a nonprofit organization, whose mission is to help women and families through recovery." [DE 725 at 204; ER-70].

Second, Judge Du's former coworker is related to Rand's co-defendant. Judge Du formerly worked for McDonald Carano, where she was the Chair of the Employment and Labor Law Group. [DE 801-1 at 5, 5 n.7; ER-27]. Ben Kieckhefer is a Nevada State Senator and the brother-in-law of Richard West (Rand's co-defendant). [DE 801-1 at 7; ER-29]. He has been the Director of Client relations for McDonald Carano since December 2010 and was Judge Du's coworker for approximately nine months. [DE 801-1 at 7; ER-29]. Senator Kieckhefer and his wife April Kieckhefer (West's sister) attended West's sentencing hearing and "sat in the front row for support." [DE 801-1 at 7 n.14; ER-29].

In a status conference, Judge Du described her connection with Mr. West's sister as "tenuous" and recalled "there would have been some interactions" with West's brother-in-law and sister at some firm events but she did not recall. [DE 778 at 3–5; ER-51–53]. She also

recalled meeting the codefendant's sister. [DE 778 at 5; ER-53]. Conversely, West's sister, April West-Kiekhefer, allegedly told a probation officer that she knew Judge Du, "was good friends" with the judge, and that they "get coffee on a regular basis." [DE 778 at 3, 5; ER-51, 53] In response to a letter, Judge Du stated that was "not correct" and "maybe she thought she knew me." [DE 778 at 5; ER-53].

Finally, the Veracity Report highlighted connections between the parents of the victim in this case. The victim's father worked as a Court Security Officer (CSO) at the federal courthouse where Judge Du works. [DE 801-1 at 8; ER-30]. Moreover, the victim's mother Cyndi Yenick commented on a Facebook post of Judge Du's stepson. [DE 801-1 at 9; ER-31].

Rand moved for Judge Du's recusal pursuant to 28 U.S.C. § 455, and the district court denied the motion on July 16, 2021. [DE 803; ER-19–22]. Rand filed a notice of appeal on October 6, 2021 [DE 808; ER-117] and an amended notice of appeal on October 8, 2021. [DE 811; ER-118]. This timely appeal follows.

# SUMMARY OF ARGUMENT

The district court abused its discretion when it denied Rand's motion to recuse. Rather than apply the correct standard under 28 U.S.C. § 455(a), which requires disqualification for the *appearance* of partiality, the district court based its decision on whether it was *actually* biased and failed to ignore the totality of circumstances, instead focusing on each issue individually.

In its order, the district court made broad conclusory statements that a reasonable person would not question her impartiality; however, she failed consider the circumstances from the perspective of a reasonable observer. It is foreseeable that a reasonable person applying the proper objective standard would consider Judge Du's close, personal experience with the tragic effects of drug abuse relative to her family; her past work history and connection to the brother-in-law and sister of Rand's codefendant; her connection to the victim's father working in the same building; and the connection between the victim's mother and the judge's stepson through Facebook, and conclude that these facts create an appearance that she could not be impartial. Standing alone, the circumstances may not be enough; however, collectively there are too

many connections to ignore. Moreover, when it is a close call, the balance tips in favor of recusal.

Given the unique circumstances presented by this case, a reasonable person with knowledge of all the facts would conclude Judge Du's impartiality might reasonably be questioned. Whether a judge is in fact impartial, or whether she believes she can impartially preside over a matter is not dispositive. Ultimately, the district court's order denying Rand's motion to recuse was an abuse of discretion.

Finally, because Rand has demonstrated the district court abused its discretion, the Court should vacate the denial of Rand's compassionate release motion and direct reassignment of this case to a different district judge for further proceedings on remand.

## STANDARD OF REVIEW

A district court's denial of a motion for recusal is reviewed for abuse of discretion. *See United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (citing *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)); *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) ("Rulings on motions for recusal are reviewed under the abuse-of-discretion standard.").

**ARGUMENT**

**(a)** <u>**THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT APPLIED THE WRONG STANDARD AND DENIED RAND'S MOTION TO RECUSE**</u>

**(1)** <u>**The Correct Standard Requires Recusal For The Appearance Of Partiality**</u>

Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In 1974, Congress amended § 455 "to replace the subjective test . . . with an objective test based on public perception." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). This amendment was "designed to 'promote public confidence in the integrity of the judicial process.'" *Id.* at 913 n.3 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988)). Accordingly,

> [t]he goal of section 455(a) is to ***avoid even the appearance of partiality***. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists.

*Liljeberg*, 486 U.S. at 860 (emphasis added) (internal quotation marks omitted). Whether a judge is, in fact, impartial or believes she can impartially preside over the matter is not dispositive of disqualification.

10

The impartiality must be questioned from the perspective of a "reasonable person" and the Court must consider "whether a reasonable person with knowledge of all the factors would conclude that the judge's impartiality might reasonably be questioned." *Holland*, 519 F.3d at 913 (citing *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citations omitted)).

A "reasonable person" is a "well-informed, thoughtful observer." *Id*. Not a person who is "hypersensitive or unduly suspicious." *Id*. (internal quotations and citations omitted).

The § 455(a) analysis is "fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 913. It must also be guided by "an independent examination of the unique facts and circumstances of the particular claim at issue" and "not by comparison to similar situations addressed by prior jurisprudence." *Id*. It is also "limited by the 'extrajudicial source' factor." *Id*. Finally, "[i]f it is a close case, the balance tips in favor of recusal." *Id*. at 912 (citing *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993)).

### (2)     The District Court Improperly Considered Its Actual Partiality

Based on the plain reading of the district court's order, it is clear the court considered whether she was actually biased but not whether an average citizen would reasonably question her impartiality based on the totality of the circumstances. In its order, the district court concedes her experience with the effects of drug addiction but notes that "I do not find that my experiences, as specifically pertinent to the Motion, including attempting to help my stepson . . . deal with his addiction and mental health challenges, would cause any reasonable person to question my impartiality." [DE 803 at 2; ER-20].

Judge Du made similar broad, sweeping statements related to her connection to the brother-in-law and sister of Rand's codefendant, as well as the father and mother of the victim. [DE 803 at 3; ER-21]. [DE 778; ER-49–58]. Rather than offer an explanation in the context of a reasonable observer, the court discusses why she believes she is impartial: "I was not previously aware he is the father of one of Mr. Rand's victims," "my interactions did not go beyond the polite

conversation," and she does not know if her stepson "had any relationship" with the victim's mother. [DE 803 at 3; ER-21].

Courts do not consider a "reasonable person" to be the same as a judge because an outside observer is "less inclined to credit judges' impartiality and mental discipline than the judiciary." *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990); *see also Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) ("The reasonable observer is not the judge or even someone familiar with the judicial system, but rather an average member of the public.").

Moreover, the court failed to consider the totality of circumstances. A reasonable person has "knowledge of all the factors" and would not consider each circumstance in isolation. *See Holland*, 519 F.3d at 913 (internal quotation marks and citation omitted). Accordingly, the district court abused its discretion when it denied Rand's recusal motion.

**(b)**     <u>**JUDGE DU IS REQUIRED BY STATUTE TO RECUSE HERSELF IN THIS MATTER**</u>

Section 455(a) was intended to "promote confidence in the judiciary by avoiding even the appearance of impropriety whenever

possible." *Liljeberg*, 486 U.S. at 865 (citations omitted). After consideration of all the circumstances presented herein, § 455(a) required recusal to avoid the appearance of impropriety. Moreover, when the question of disqualification is close, recusal is required. *Holland*, 519 F.3d at 912 ("If it is a close call, the balance tips in favor of recusal.").

Rand acknowledges that the objective standard for recusal "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation omitted). For instance, mandating recusal based solely on a judge's relationship to a person who struggled with addiction could have this type of sweeping effect. However, a judge's familiarity with drug addiction is not the sole circumstance under consideration in this case. Rather, this case presents a very specific and unusual set of circumstances that are not likely to arise in another case. As such, reversal of the district court's recusal denial would have a narrow application.

A reasonable observer with all the facts would consider the family history of Judge Du's stepsons [DE 801-1 at 6–7; ER-28–29], her

connection to the sister and brother-in-law of Rand's codefendant [DE 801-1 at 7; ER-29, and DE 778; ER-49–58], her workplace connection to the victim's father [DE 801-1 at 8; ER-30], and the victim's mother's comment on Judge Du's stepson's Facebook page [DE 801-1 at 8–10; ER-30–32].

When viewed individually, a reasonable observer may not be persuaded. However, when viewed collectively (e.g., as depicted in DE 801-1 at page 11, ER-33), a reasonable person would conclude that the totality of the circumstances created an appearance that Judge Du could not be impartial. Judge Du has experienced unimaginable and tragic loss due in part to drug addiction affecting her family, she worked with the brother-in-law of the codefendant, she knew the sister of the co-defendant (who also made multiple claims about knowing the judge, which the judge indicated were false), she worked in the same building as the father of the victim, and the mother of the victim commented on her stepson's Facebook post. There are simply too many circumstances a reasonable person, collectively, would not ignore.

Recusal is also required if a reasonable person believes a judge was aware of circumstances creating an appearance of partiality, even if

the judge was unaware. *See Liljeberg*, 486 U.S. at 860 ("does not depend on whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew"). Accordingly, even though the judge indicated she was unaware that the victim's father worked in the federal courthouse and that the victim's mother commented on her stepson's Facebook page, the public can still reasonably believe Judge Du had knowledge of these facts.

Indeed, the district court abused its discretion in denying Rand's motion for recusal and this Court should reverse the order. Judges must not only avoid actual impropriety, but the public must perceive that our nation's judges are impartial. To be sure, Rand does not argue that Judge Du is in fact biased or partial against him. And that is not the statutory standard for recusal. Here more than enough evidence was presented which creates an *appearance* of impartiality. Accordingly, the district court's recusal order should be reversed.

Finally, because the district court's recusal order should be reversed, the Court should also reverse the denial of Rand's

compassionate release motion so a different district judge on remand may consider that matter anew.

## CONCLUSION

Based on the foregoing, the order of the district court should be reversed, and the case remanded for further proceedings before a different district judge.

Dated: January 5, 2022.

Respectfully submitted,

/s/ Brandon Sample

Brandon Sample
**Brandon Sample PLC**
1701 Pennsylvania Ave. NW #200
Washington D.C. 20006-4823
Phone: 202-990-2500
Fax:    202-990-2600
Vermont Bar: 5573
Email: brandon@brandonsample.com
https://brandonsample.com

*Attorney for Robert Rand*

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Fed. R. App.

P. 32(a)(7)(B) because this brief contains 3,636 words, excluding

exempted portions listed in Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)

because this brief has been prepared in a proportionally spaced typeface

using Microsoft Word for Mac in Century Schoolbook 14-point font.

Dated: January 5, 2022.

/s/ Brandon Sample

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was

served on all counsel of record by filing same electronically via the

Court's CM/ECF system this 5th day of January 2022.

/s/ Brandon Sample

## STATEMENT OF RELATED CASES

Pursuant to Local Rule 28-2.6, I hereby state that there are no other pending related cases before this Court.


Dated: January 5, 2022.


/s/ Brandon Sample